IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TAT SILENT BURCH | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WDQ-09-2862 |
| ROBERT KOPPEL, | * | |
| VIVIAN PRESBURY, | | |
| and LT. BROWN | * | |
| Defendants | * | |

***

### MEMORANDUM

The above-captioned case was filed on October 29, 2009. Plaintiff alleges that when his jaw was broken[1] most of his property was lost and he incurred hospital bills in his name. Paper No. 1 at p. 4. Plaintiff seeks as relief "my bills payed (sic), money for my property, pain and suffering." *Id*.

Plaintiff's claim with respect to the loss of his property and incurring medical bills is at most a claim of negligence. Negligence is not enough to state a constitutional claim. *See Parratt v. Taylor*, 451 U. S. 527, 542-44 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The claims must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury". The instant case will be

---

[1] Plaintiff does not specify when his jaw was broken or where he was when it occurred.

the first filed by Plaintiff that has been dismissed as frivolous.   For the reasons stated, this case will be dismissed by separate order.


<u>November 6, 2009</u>                                                                          _____/s/_____
                                                                                      William D. Quarles, Jr.
                                                                                       United States District Judge